UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:17-CV-00029-LLK

NATALIE B. HIGDON                                                                                    PLAINTIFF

v.

NANCY A. BERRYHILL, Commissioner of Social Security                                DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's complaint seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner denying her claim for Social Security disability benefits. Plaintiff's motion for summary judgment and Defendant's response in opposition are at Dockets 14 and 15, and the case is ripe for determination.

The parties have consented to the jurisdiction of the undersigned Magistrate Judge to determine this case, with any appeal lying before the Sixth Circuit Court of Appeals. Docket 12.

Because the administrative law judge's (ALJ's) decision is supported by substantial evidence and in accord with applicable legal standards, the Court will DENY Plaintiff's motion (Docket 14), AFFIRM the Commissioner's final decision, and DISMISS Plaintiff's complaint.

### The ALJ's decision

The ALJ found that Plaintiff suffers from severe, or vocationally significant, bipolar disorder and status post liver transplant, which limit her to a reduced range of light work. ALJ's decision at administrative record (AR), pp. 17 and 20. Plaintiff does not challenge the ALJ's evaluation of her physical impairment.

The ALJ found that Plaintiff is not disabled because, although she can no longer perform her past relevant work, there are a significant number of jobs in the national economy that she can perform. AR, pp. 22 and 23.

1

The ALJ found that Plaintiff's bipolar disorder results in the following mental residual functional capacity (RFC): "The claimant can understand, remember and carry out both simple and detailed instructions and sustain attention for both simple and detailed tasks. She can have occasional interaction with the public and adapt to stress in a more object-oriented work setting but should avoid noisy job environments and any strict-quota based work." AR, p. 20.

This mental RFC finding was based, in part, on the ALJ's acceptance of the testimony of impartial medical expert Tom L. Wagner, Ph.D. *Compare* finding at AR, p. 20 and testimony at AR, pp. 53-54.

In January 2015, Plaintiff's treating psychiatrist, David Meyer, completed the standard mental assessment form, finding that Plaintiff is no more than moderately limited in 18 of 20 functional areas and markedly limited in 2 of 20 areas. Specifically, Dr. Meyer found that Plaintiff is markedly limited in her ability to understand and remember detailed instructions (she is slightly limited in her ability to understand and remember simple instructions) and in her ability to complete a normal workday and work week without interruptions from psychologically-based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods. AR, pp. 502-503.

In January 2015, Plaintiff's treating therapist, licensed clinical social worker (LCSW) Whitney Cassity-Caywood, Ph.D., completed the same mental assessment form. Whereas Dr. Meyer found that Plaintiff is markedly limited in her ability to understand and remember detailed instructions, Dr. Cassity-Caywood found only moderate limitation. AR, p. 521. Dr. Cassity-Caywood agreed with Dr. Meyer that Plaintiff is markedly limited in her ability to complete a normal workday and work week and to perform at a consistent pace. *Id.* Additionally, Dr. Cassity-Caywood found Plaintiff to be markedly limited in 3 of 20 functional areas that Dr. Meyer's found Plaintiff to be only slightly or moderately limited (ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances; ability to make simple work-related decisions; and ability to set realistic goals or make plans independently of others). *Compare* AR, pp. 502-503 and 521-522.

The opinion of the treating sources that Plaintiff is markedly limited in her ability to complete a normal workday and work week and to perform at a consistent pace, if accepted, would render Plaintiff unable to hold any job and, hence, disabled.

The ALJ discounted this opinion, finding it to be inconsistent with recent improvement in Plaintiff's condition and her "impressive array [of] retained abilities" (AR, p. 21) such as being in the process of writing a book, journaling, painting, entering work in an art show, coordinating social events at an art gallery, doing volunteer work at church, on-line social networking, and visiting friends in Nashville:

> The opinions offered by Dr. Meyer are given partial weight. Although Dr. Meyer shares a longitudinal treatment relationship with the claimant, his medical source statement is inconsistent with his findings that the claimant experienced improvement as well as that she is capable of volunteering at a local art gallery. Further, Dr. Meyer opined the claimant was unable to return to gainful employment; however, such statements pertaining to the ultimate disability determination are reserved to the Commissioner.
> …
> The medical source statement provided by Dr. Cassity-Caywood is given limited weight, as the severity of limitations reflected therein is inconsistent with improvement evidenced by treatment notes as well as by the claimant's retained abilities and involvement in volunteer activities. (AR, p. 22).

**The ALJ was not required to defer to the disabling opinions of the treating sources.**

Plaintiff makes three arguments. First, she argues that "the opinions of the treating mental health professionals [i.e., Drs. Meyer and Cassity-Caywood] would require a finding of disability." Docket 14-2, p. 3.

With one exception, the treating sources contradicted each other as to any functional limitation that might be disabling; while one found a marked limitation, the other found only a slight or moderate limitation in the same area. The treating sources agreed, however, that Plaintiff is markedly limited in her ability to complete a normal workday and work week and to perform at a consistent pace. AR, pp. 502 and 521.

3

A treating-source medical opinion is entitled to controlling weight only if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record." 20 C.F.R. § 404.1527(d)(2). One "obvious inconsistency [that precludes entitlement to controlling weight is] when two medical sources provide inconsistent medical opinions about the same issue." Soc. Sec. Rul. 96-2p, 1996 WL 374188, at *3.

The consistent opinions of the treating sources that Plaintiff has a marked limitation in ability to complete a normal workday and work week was not entitled to controlling weight because the sources identified no supporting diagnostic techniques. AR, pp. 502 and 521. On the contrary, when asked to "state which medical / clinical findings support this assessment," the treating sources delved into matters that suggested their opinions do not satisfy the 12-month duration requirement. See 42 U.S.C. § 423(d)(1)(A) (A disabling impairment or limitation is one that "can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months").

According to Dr. Meyer: "Over the time I've seen her, the above represents the average of her functional capacities -- as she has only recently become stable. We do not *(emphasis by Dr. Meyer)* have a track record." According to Dr. Cassity-Caywood: "Again, client's illness is both unpredictable and active intermittently. When she is well, I see no impairment in her functioning, but when she is not, her functioning is moderately to markedly impaired. She has struggled to maintain stability, symptom-free even with medication and therapeutic compliance." AR, p. 521.

In November 2015, Dr. Meyer provided an updated opinion, which supported the ALJ's finding that his findings of disabled marked limitations were tantamount to "statements pertaining to the ultimate disability determination are reserved to the Commissioner." ALJ's decision at AR, p. 22.

According to Dr. Meyer:

In my opinion, [Plaintiff] has improved from her initial baseline but we do not have an adequate track record yet on her illness to say with confidence that she can be gainfully employed on a consistent basis. With bipolar disorder we cannot determine functionality between episodes. The functional status must be evaluated over a period of time. I would

4

like to see at least a one year interval in which she has no major episodes of her illness before
I would recommend changing her disability status. The assessment I completed on January
13, 2015 still applies.                                                                                  (AR, p. 609).

In other words, according to Dr. Meyer, Plaintiff cannot be "gainfully employed on a consistent basis" because she had a "major episode" and one year has not yet elapsed without a recurrence. This goes to the ultimate issue of disability to be decided by the ALJ based on the medical and non-medical evidence as a whole. It was not Dr. Meyer's decision to make. See 20 C.F.R. § 404.1527(d) (Medical source opinions on issues reserved to the Commissioner) ("A statement by a medical source that you are 'disabled' or 'unable to work' does not mean that we will determine that you are disabled"); *Ferguson v. Comm'r of Soc. Sec.*, 628 F.3d 269, 274 (6th Cir. 2010) ("[D]etermination of disability is prerogative of Commissioner, not treating physician").

The ALJ was not required to defer to the disabling marked limitations opined by the treating sources.

Plaintiff's remaining sub-arguments pertain to alleged errors in the ALJ's reliance on the opinions of the one-time examining source, Michael E. Whitten, Ph.D., and the non-examining source, Dr. Wagner. Because Plaintiff has the burden of proof, it is not apparent that there would be a reversible error even if these sub-arguments were persuasive. See 20 C.F.R. § 404.1512(a) ("In general, you have to prove to us that you are blind or disabled") and § 404.1545(a)(3) ("In general, you are responsible for providing the evidence we will use to make a finding about your [RFC]").

The ALJ noted that in May 2014 Dr. Whitten found that Plaintiff can "understand and follow multiple directions, sustain attention and conduct complex and multistep tasks and relate to others in a low stress work setting." ALJ's decision at AR, p. 18 referring to findings at AR, p. 395. Plaintiff argues that the ALJ erred in relying on Dr. Whitten's findings in light of the fact that he rated Plaintiff's current general assessment of functioning (GAF) as 40, which is indicative of severe and disabling impairment. Docket 14-2, p. 5 referring to GAF at AR, p. 394.

5

A "GAF [score] is [merely] a clinician's subjective rating, on a scale of zero to 100, of an individual's overall psychological functioning" on the occasion in question. *Kornecky v. Comm'r*, 167 F. App'x 496 n. 7 (6th Cir. 2006). An ALJ need not "put stock in a GAF score" for purposes of determining disability over time. *Id.* at 511.

Plaintiff argues that the ALJ erred in relying on Dr. Wagner's testimony because **"[t]he opinion of the medical advisor was not based upon the medical evidence of record in its entirety but only upon portions of the medical records which were the treatment notes of the claimant's long-time treating mental health professionals"** *(emphasis by Plaintiff)*. Docket 14-2, p. 6. Plaintiff characterizes Dr. Wagner's testimony as "conflicting" and "bicameral." Docket 14-2, pp. 2 and 11.

Plaintiff is here referring to the fact that Dr. Wagner explained that his opinion was based on "not so much the conclusions [of disabling marked limitations found by] the therapist [Dr. Cassity-Caywood] or Dr. Meyer, but looking at the [treatment] notes." AR, p. 52. Dr. Wagner acknowledged that "[i]f you consider the … evaluative comments of the therapist and the … psychiatrist [he might have opined more restrictions but] I'm just not seeing it being reflected on any type of a regular basis in the notes." *Id.*

Contrary to Plaintiff's suggestion, Dr. Wagner's discounting of the disabling opinions of the treating sources was not improper but merely reflects the fact that he was offering an independent opinion. Stated somewhat differently, from an independent perspective, another person's opinion based on the evidence cannot carry as much weight as the evidence itself. There was no error. *Compare Miller v. Comm'r*, No. 5:15-CV-00182-LLK, 2016 WL 2587213 (May 4, 2016 W.D. Ky.) (Generally, a plaintiff may not obtain a remand for consideration of new and material "evidence" that was not before the ALJ when the "evidence" is only a new opinion of disability based on the same evidence that was before the ALJ).

**The ALJ was not required to defer to the non-medical lay opinions of disability.**

Plaintiff argues that "the administrative decision failed to properly evaluate all evidence of record," i.e., the statements of her parents in support of her disability claim. Docket 14-2, p. 11.

The record contains a third-party function report from Plaintiff's aunt and statements in support of her disability claim from her parents. AR, pp. 194-202, 262, 263-265.

Although the ALJ's decision addressed the aunt's report, it did not explicitly address the parents' statements:

> The third party statement submitted by the claimant's aunt, Susan Higdon, is given nominal weight in evaluating the severity of her impairments, as it constitutes a subjective view of her abilities that is inconsistent with her retained abilities and treatment notes. (AR, p. 22).

Because the statements are substantially the same as the report, the ALJ implicitly rejected the statements for the same reasons. Additionally, "[t]he testimony of lay witnesses … is entitled to perceptible weight only if it is fully supported by the reports of the treating physicians." *Simons v. Comm'r*, 114 F. App'x 727, 733 (6th Cir. 2004) (citing *Lashley v. Sec'y of Soc. Sec.*, 708 F.2d 1048, 1054 (6th Cir.1983)). The ALJ was not required to defer to the non-medical lay opinions of disability.

**There is no compelling reason to disturb the ALJ's credibility findings.**

Finally, Plaintiff argues that "the administrative decision failed to properly evaluate the evidence in an attempt to resolve the administrative law judge's reported inconsistencies in the record." Docket 14-2, p. 13.

The ALJ found that, while Plaintiff's bipolar disorder could reasonably be expected to cause her alleged symptoms, her allegation of disabling symptoms is "not entirely credible" due to her "impressive array [of] retained abilities" (AR, p. 21) and "inconsistencies" in the record concerning her status as a student, social life, and volunteer activities:

> The record contains numerous inconsistencies. In November 2015, the claimant reported being a student; however, at the hearing, she denied attending school since 2005. She denied having local friends; however, on a questionnaire, the claimant reported regularly spending time with others going out to eat, shopping and attending church. Despite her impairments, the claimant

7

performed work activity in 2014 albeit brief and she continues to perform volunteer activities requiring significant interaction with others, evidencing greater abilities than alleged. Although the inconsistent information the claimant provided may not be the result of a conscious intention to mislead, the inconsistencies nevertheless suggest that the information the claimant provided may not be entirely reliable. (AR, p. 21).

Plaintiff's point is well taken that any inconsistency in the record regarding her status as a student was not her fault and should not count against her credibility. Since her student days in 2005, Lee Tolar Meals, M.D., has been Plaintiff's general health care provider. In November 2014, Plaintiff visited Dr. Meals for a problem unrelated to her bipolar disorder. The (somewhat boiler-plate) "social history" section of Dr. Meals' treatment notation stated as follows: "The patient is currently a student. The patient is negative for alcohol use, smoking and illicit drug use. Marital status – single." AR, p. 602. In December 2015, at the administrative hearing, the ALJ questioned Plaintiff about this note and asked her whether she is still a student. AR, p. 46. Plaintiff testified that she has been out of school since 2005. AR, p. 46. Plaintiff persuasively observes that a logical explanation for this "inconsistency" is not that she told Dr. Meals that she was a student in 2014 but simply that Dr. Meals has not updated her records since 2005. Docket 14-2, p. 13.

Plaintiff's point is also well taken that having some social life and volunteer activities is not necessarily inconsistent with her claim of inability to sustain work-like activities on a full-time basis. These activities do, however, provide some indicia of ability to engage in work-like activities, and the ALJ did not err in considering them.

The ALJ's decision as a whole reflects rejection of Plaintiff's allegation of inability to sustain any type of job based on a variety of medical and non-medical factors. A reviewing court "will not disturb an ALJ's credibility determination without a compelling reason." *Hernandez v. Comm'r*, 644 F. App'x 468, 476 (6th Cir. 2016) (citing *Smith v. Comm'r*, 307 F.3d 377, 379 (6th Cir. 2001)); *see also Blakley v. Comm'r*, 581 F.3d 399, 406 (6th Cir. 2009) ("The substantial-evidence standard ... presupposes that there

is a zone of choice within which the decisionmakers can go either way, without interference by the courts").

A reviewing court is not in a position to second-guess an ALJ's credibility findings, particularly regarding subjective symptoms and complaints. "The opportunity to observe the demeanor of a witness, evaluating what is said in the light of how it is said, and considering how it fits with the rest of the evidence gathered before the person who is conducting the hearing, is invaluable, and should not be discarded lightly" by a reviewing court, which is necessarily limited to the printed record. *Keeton v. Comm'r*, 583 F. App'x 515, 531 (6th Cir. 2014) (quoting *Beavers v. Sec'y*, 577 F.2d 383, 387 (6th Cir. 1978)).

**Order**

Plaintiff's motion for summary judgment (Docket 14) is DENIED, the final decision of the Commissioner is AFFIRMED, and Plaintiff's complaint is DISMISSED.

October 19, 2017

Lanny King, Magistrate Judge
United States District Court